RIVKIN RADLER LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556
T 516.357.3000 F 516.357.3333

LAWRENCE S. HAN
PARTNER
(516) 357-3148
lawrence.han@rivkin.com

September 29, 2026

**VIA ECF**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Bishop v. Wild Oak Boutique LLC*
Civil Action No. 1:26-cv-5145-RA

Dear Judge Abrams:

This office was recently retained to represent Defendant Wild Oak Boutique LLC ("Defendant") in the above-referenced matter. Defendant respectfully requests that the Court extend: (1) Defendant's deadline to answer or otherwise respond to the putative class action Complaint from September 30, 2026, through October 30, 2026; and (2) the parties' deadline to submit a joint letter either requesting referral of this action to mediation or a magistrate judge or requesting that the Court schedule an initial status conference, from September 24, 2026, through October 30, 2026. This application is made pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and (B) and Rule 1.D of Your Honor's Individual Rules and Practices in Civil Cases.

This is the second request to extend Defendant's deadline to respond to the Complaint. Defendant was served on August 10, 2026, and its response was initially due on August 31, 2026. After Defendant's South Dakota counsel contacted counsel for Plaintiff Cedric Bishop ("Plaintiff") to request additional time for Defendant to determine whether the claim was covered under its insurance policy, Plaintiff requested, and the Court granted, an extension of Defendant's response deadline through September 30, 2026.

Under the Court's June 23, 2026 Order, the parties' joint letter was due 45 days after service—September 24, 2026. Because that deadline has passed, Defendant respectfully seeks relief under Rule 6(b)(1)(B). The brief delay resulted from Defendant's efforts to tender the claim to its insurance carrier and to retain and transition to new counsel. The delay was short and occurred in good faith. Plaintiff consents to the requested extension, no other scheduled dates will be affected, and neither Plaintiff nor the proceedings will be prejudiced. Accordingly, the circumstances constitute excusable neglect.

Good cause also exists for the requested extensions. Because we were only recently retained, we need additional time to confer with Defendant, investigate the allegations concerning its website, and evaluate potential defenses before responding to the Complaint. Moreover, the parties have conducted an initial meet-and-confer and have begun discussing a possible early resolution. Defendant would like to continue those discussions before incurring the expense of preparing and serving Defendant's response. Extending both deadlines through October 30, 2026, will give the parties time to determine whether an early resolution is possible and, if not, to advise the Court how they propose to proceed.

Plaintiff's counsel, Jeffrey Gottlieb of Gottlieb & Associates PLLC, consents to the requested extensions.

Accordingly, Defendant respectfully requests that the Court extend through October 30, 2026, both Defendant's deadline to answer or otherwise respond to the Complaint and the parties' deadline to submit the joint letter required by the Court's June 23, 2026 Order. Defendant respectfully requests that the Court grant this relief by so ordering this letter in the space provided below.

We thank the Court for its attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

/s/ Lawrence S. Han
Lawrence S. Han

CC: All counsel of record via ECF

Application granted.

SO ORDERED.

Hon. Ronnie Abrams
September 30, 2026