UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

CEDRIC BISHOP, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

Case No.: 1:26-cv-5145-RA

Plaintiff,

-against-

WILD OAK BOUTIQUE LLC,

Defendant.

---------------------------------------------------------X

**CONSENT DECREE**

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 14, by and between the following parties: Plaintiff CEDRIC BISHOP ("Plaintiff") and Defendant WILD OAK BOUTIQUE LLC ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

**RECITALS**

2. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Defendant operates a website at https://www.wildoakboutique.com/, including all portions thereof or accessed thereon (hereinafter, "Website"), which is available through the Internet.

4. On or about June 18, 2026, Plaintiff filed a purported class action complaint ("Complaint") in the United States District Court for the Southern District of New York (the "Court"), captioned CEDRIC BISHOP, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED v. WILD OAK BOUTIQUE LLC, Case Number: 1:26-cv-5145-RA ("Action"). Plaintiff alleges that the Website is not fully accessible to individuals with disabilities in violation of Title III of the ADA, New York State Human Rights Law (the "NYSHRL"), New York City Human Rights Law (the "NYCHRL"), and New York State General Business Law (the "GBL").

5. On September 29, 2026, Defendant appeared in the Action, and the Parties jointly moved to extend Defendant's deadline to respond to the Complaint through October 30, 2026.

6. On September 30, 2026, the Court granted the Parties' joint motion.

7. After reaching a settlement in principle, Plaintiff filed a notice of settlement on October 26, 2026.

8. On October 27, 2026, the Court discontinued the Action without prejudice, permitting an application to reopen within 45 days and requiring any request to retain jurisdiction to enforce the settlement to be publicly filed and so ordered within 30 days.

9. Defendant disputes and expressly denies each and every material allegation in the Complaint, and most particularly, that the Website is a place of public accommodation, that the Website violates any federal, state or local law, including the ADA, NYSHRL, NYCHRL, and the GBL, and that the Website is presently not reasonably accessible for use by individuals with a disability using commercially available screen reader technologies.

10. The Parties mutually desire to settle the Action to avoid cost and inconvenience of litigation and without admission of fault, liability or wrongdoing by either Party.

11. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

12. This Consent Decree is entered into by and only binding upon Plaintiff, individually, but is intended to inure to the benefit of vision impaired individuals.

## JURISDICTION

11. Plaintiff alleges that Defendant conducts and continues to conduct a substantial and significant amount of business in this District, including the operation of the Website which is available through the internet. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, the NYSHRL, NYCHRL, and GBL.

12. This Court has jurisdiction over the Action under 28 U.S.C. §1331 and 42 U.S.C. §12188. Defendant objects to the exercise of jurisdiction over it by this Court in this venue, except to the extent that it waives such objection in regard to the settlement of this Action and this Consent Decree. In that regard, the Parties agree that exclusively for purposes of the settlement of this Action and this Consent Decree, venue is appropriate.

**AGREED RESOLUTION**

13. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation or any admission of fault, liability, or concession that the Defendant is generally subject to personal jurisdiction in this venue. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

**DEFINITIONS**

14. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

15. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 20 through 22 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website was a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

**TERM**

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) thirty-six (36) months from the Effective Date; (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA; or (c) such date as may be extended by mutual agreement of the Parties.

**GENERAL NONDISCRIMINATION REQUIREMENTS**

17. Pursuant to the terms of this Consent Decree, Defendant:

a. shall not knowingly or negligently deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

**WEBSITE COMPLIANCE WITH TITLE III OF THE ADA**

18. Web Accessibility Conformance Timeline: To the extent necessary, Defendant shall use Reasonable Efforts to ensure full and equal enjoyment of the goods, services,

privileges, advantages, and accommodations provided by and through the Website (including all pages therein or pages under Defendant's control and ownership which can be navigated to through a link in the Website) according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a. If necessary, within twenty-four (24) months of the Effective Date, the Defendant shall modify the Website as needed to substantially conform to the Web Content Accessibility Guidelines ("WCAG") 2.0 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Website will be reasonably accessible to persons with vision disabilities.

b. The Parties acknowledge that Defendant's obligations under this Agreement do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or Website Defendant does not own, operate, prepare or control but that are linked from the Website (including, but not limited to, any content/website hosted by third parties and implemented on the Website), (ii) the provision of narrative description for videos, and (iii) video or audio plugins from third parties. The Parties also agree that if the U.S. Department of Justice or a court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

c. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2 to Non-Web Information and Communications Technologies ("WCAG2ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

d. If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Agreement as set forth herein regarding remediation of the Website.

**PROCEDURES IN THE EVENT OF DISPUTES**

19. The procedures set forth in Paragraphs 20 through 22 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criterion of the applicable WCAG standard with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

20. If any Party claim this Consent Decree or any portion of it has been violated ("breach"), the Party alleging the breach shall give written notice (including reasonable particulars)

of such violation to the party alleged to be in breach. The alleged breaching Party must respond to such written notice of breach no later than sixty (60) calendar days thereafter (the "Cure Period") unless the Parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the Parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the Parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the Party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court.

21. There will be no breach of this Consent Decree unless (a) an independent accessibility consultant, mutually agreed to by the Parties or their respective accessibility consultants ("Accessibility Consultant") determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Microsoft Edge, Firefox, Safari, and Chrome, and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days from receipt of the Accessibility Consultant's opinion. If the Accessibility Consultant believes that a reasonable amount of time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the Accessibility Consultant finds that a particular item found not to be usable

cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

22. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:f2

| | |
|---|---|
| For Plaintiff: | Jeffrey M. Gottlieb, Esq.<br>GOTTLIEB & ASSOCIATES PLLC<br>150 East 18th Street, Suite PHR<br>New York, New York 10003<br>Email: jeffrey@gottlieb.legal<br>Phone: 212-228-9765<br>Fax: 212-982-6284 |
| For Defendant: | Lawrence S. Han, Esq.<br>RIVKIN RADLER LLP<br>926 RXR Plaza<br>Uniondale, New York 11556<br>E-mail: lawrence.han@rivkin.com<br>Phone: 516-357-3000<br>Fax: 516-357-3333 |
| With a copy to: | support@wildoakboutique.com |

**MODIFICATION**

23. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties. Notwithstanding the foregoing, the Parties may mutually consent to the modification or extension of any deadline hereunder without requiring approval by the Court.

**ENFORCEMENT AND OTHER PROVISIONS**

24. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be

deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

**PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

25. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but does not bind members of the putative class identified in Plaintiff’s Complaint as no class has been identified.

26. The signatories represent that they have the authority to bind the Plaintiff and Defendant to this Consent Decree.

[SIGNATURE PAGE TO FOLLOW]

## CONSENT DECREE HAS BEEN READ

27. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF CEDRIC BISHOP

Dated: 11/10/26 By: ____________________
Cedric Bishop (Nov 10, 2026 15:06:11 PST)

DEFENDANT WILD OAK BOUTIQUE LLC

Dated: 11/10/2026 By: ____________________

Title: CFO

APPROVED AS TO FORM AND CONTENT:

PLAINTIFF'S LAWYERS

Dated: 11/10/26 By: ____________________

Jeffrey M. Gottlieb, Esq.
GOTTLIEB & ASSOCIATES PLLC
150 East 18th Street, Suite PHR
New York, New York 10003
Email: jeffrey@gottlieb.legal
Phone: 212-228-9765
Fax: 212-982-6284

DEFENDANT'S LAWYERS

Dated: 11/11/2026 By: ____________________

Lawrence S. Han, Esq.
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
E-mail: lawrence.han@rivkin.com
Phone: 516-357-3000
Fax: 516-357-3333

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, **FINDS AS FOLLOWS:**

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 36 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

Dated: November 16, 2026
New York, New York

Ronnie Abrams
United States District Judge

4908-7814-2941, v. 2